IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, as Trustee of the GREEN CHILDREN'S TRUST, § § § | | |
| Plaintiff, § § | | |
| v. § | CIVIL ACTION NO. 3:19-CV-00731-E | |
| § | | |
| L. CADE HAVARD and AMANDA HAVARD, § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant L. Cade Havard's Motion to Set Aside Default Judgment, Motion for Leave to File Answer, and Memorandum of Law in Support (Doc. No. 19) and Plaintiff's Response and Supplemental Response thereto (Doc. Nos. 22 & 26). For the following reasons, Havard's motions are **GRANTED**.

### Background

In October 2018, plaintiff Robert Green, as trustee of the Green Children's Trust, obtained a judgment against Health:ELT, LLC n/k/a Coord, LLC (COORD) after COORD failed to pay amounts due under a promissory note. On March 25, 2019, Green filed his complaint in this case against defendants L. Cade Havard and Havard's daughter Amanda, executive chairman and chief executive officer of COORD respectively, alleging Havard and Amanda made misrepresentations to induce Green to invest in COORD. Green asserts claims for fraud and negligent misrepresentation and also seeks recovery from Havard and Amanda for COORD's obligations to Green under an alter ego theory of liability.

1

Havard was served the summons and complaint on March 29, 2019 (Doc. Nos. 3 & 5). On April 16, 2019, COORD filed for Chapter 11 bankruptcy relief. Havard did not file an answer in this case, and the clerk entered default against him on May 2, 2019 (Doc. Nos. 6 & 7). On May 3, 2019, Green filed a motion for default judgment, and the Court entered a default judgment on May 13, 2019 (Doc Nos. 8 &10).

Havard now moves the Court to set aside the default judgment and for leave to answer (Doc. No. 19). He explains that he conferred with his bankruptcy counsel prior to the deadline for answering, and, based on counsel's advice, believed that because of the automatic stay in the bankruptcy proceeding he did not have to respond to this lawsuit. In an affidavit attached to Havard's motion, his bankruptcy counsel represents he advised Havard that the continuation of this case "violated the automatic stay in the Debtor's bankruptcy case because alter ego actions belong to the Debtor's estate."

**Applicable Law and Analysis**

The Fifth Circuit disfavors default judgments, and "where there are no intervening equities[,] any doubt should . . . be resolved in favor of the movant to the end of securing a trial upon the merits." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (internal citation omitted). Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, the Court's default judgment is not a final judgment because it does not adjudicate Green's claims against Amanda, who has filed an answer. Accordingly, the Court may set aside the interlocutory default judgment for good cause under rule 55(c). *See Koerner v. CMR Constr. & Roofing*, *L.L.C.*, 910 F.3d 221, 225-26

(5th Cir. 2018); *see also* Fed. R. Civ. P. 54(b) (authorizing a court to revise any order or other decision, however designated, until final judgment is entered).

To determine if there is good cause to set aside a default, courts consider whether (1) the default resulted from excusable neglect, (2) setting aside the default would prejudice the plaintiff, and (3) the defendant presents a meritorious defense. *See Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563.

Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993); *see Wesson v. City of Dallas*, No. 3:14-CV-4325-L, 2016 WL 928727, at *4 (N.D. Tex. Jan. 19, 2016) (Stickney, M.J.), *adopted by* 2016 WL 892780 (N.D. Tex. Mar. 9, 2016) (Lindsay, J.). Havard asserts his failure to answer was not the product of willful indifference. Instead, he consulted his bankruptcy counsel, who led Havard to conclude the automatic stay protections of the bankruptcy proceeding applied to this case. Green, however, directs the Court to Havard's lack of good faith in filing COORD's Chapter 11 bankruptcy proceeding on the eve of his deposition in connection with the judgment Green obtained against COORD despite COORD having "no operations, no employees, no assets, and no prospects of reorganization." And, on October 10, 2019, the bankruptcy court dismissed the bankruptcy proceeding on Green's motion to dismiss for bad faith or, in the alternative, motion to convert to Chapter 7.

Green, however, does not address Havard's explanation for failing to file an answer in *this* case. Moreover, Green previously moved to amend the complaint and interlocutory default judgment to remove the alter ego claims on the ground those claims belonged to the bankruptcy estate. Green withdrew the motion after the bankruptcy proceeding was dismissed. Because this record clearly indicates some confusion among both parties regarding the interplay of the bankruptcy proceeding with this case, the Court finds Havard's failure to answer was the result of excusable neglect and not an intentional failure to respond to litigation.

Prejudice resulting from delay alone is not sufficient to avoid setting aside a default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (a plaintiff must show the delay will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.") (internal citation omitted). Nor is there sufficient prejudice if setting aside a default does no more than require the plaintiff to prove its case. *Lacy*, 227 F.3d at 293; *Great Am. Ins. Co. v. Goin*, No. 3:15-CV-75-P, 2015 WL 11121356, at *3 (N.D. Tex. Dec. 16, 2015) (Solis, J.) (finding no prejudice to plaintiff when claims against defendant seeking to set aside default were identical to claims against another defendant). This case is in the earliest stage of discovery, and Green will have to prosecute identical claims against Amanda. Green's response to Havard's motion does not identify, or even raise, any possible prejudice that would result from setting aside the default. Accordingly, the Court finds there is no demonstrated prejudice that weighs against setting aside the default judgment.

A defendant has a meritorious defense if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA*,

*Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (internal citation omitted). In his affidavit, Havard denies making the specific misrepresentations that form the basis of Green's fraud and negligent misrepresentation claims. Havard also avers that COORD was solvent and followed all corporate formalities required by law and there was no co-mingling or siphoning of COORD funds. Havard's affidavit presents a sufficient factual basis to raise some possibility the outcome after trial would not mirror the default judgment. *See Joe Hand Promotions, Inc. v. Adame*, EP-12-CV-141-KC, 2012 WL 3561367, at *3 (W.D. Tex. Aug. 16, 2012) ("defendant's allegations are meritorious if they contain even a hint of a suggestion which proven at trial, would constitute a complete defense"). Accordingly, the Court finds Havard has met his burden of establishing meritorious defenses to Green's claims.

Consistent with the Court's analysis of the relevant factors above and mindful of the Fifth Circuit preference to resolve cases on the merits, Havard's motions (Doc. No. 19) are **GRANTED**. It is **ORDERED** that the entry of default (Doc. 7) and default judgment (Doc. 10) are set aside. Havard is **ORDERED** to file an answer within ten days from the date of this Order.

**SO ORDERED.**

Signed November 7, 2019.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE